KLEES, Judge.
On October 14, 1987 the defendant was indicted by a grand jury of second degree murder, a violation of R.S. 14:30.1. He entered a plea of not guilty and was subsequently tried by the court and found guilty as charged. He was sentenced on September 29, 1988 to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence.
On Sunday, June 22, 1986 Henry Ay-mond’s landlord and neighbor, Carl Penny, went to Aymond’s house to ask Aymond to give him a ride to work on Monday. Ay-mond’s car was gone. No one answered the door. Penny left a note on the door for Aymond and went home. On Monday morning, Penny returned to Aymond’s house. Aymond’s car was still gone. Penny let himself into the house to check on Aymond’s dog, and discovered Aymond dead in his bed.
Aymond had died of multiple injuries to the head, neck, chest and abdomen resulting from his being struck more than twelve times with a blunt object. A VCR and the victim’s car were missing.
On June 30, 1986 Aymond’s car was found abandoned in Nebraska. Fingerprints taken from the car matched the defendant’s prints. On June 28, 1987 the defendant was apprehended by Ohio authorities. He made a statement to them admitting that he had struck the victim and fled. However, he contended that he had done so to protect himself from being raped by the victim. The defendant was subsequently extradicted to New Orleans and charged with the victim’s murder.
ERRORS PATENT REVIEW:
A review of the record for errors patent reveals none.

Assignment of Error:

The defense contends that insufficient evidence exists to support the conviction. It asserts that because the defense argued self-defense as a justification for killing the victim, the State had the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. It contends that the State failed to satisfy this burden of proof. Alternatively, it argues that the evidence is insufficient to conclude beyond a reasonable doubt that the defendant did not act in the heat of passion, a finding which would support a manslaughter conviction.
Once a defendant raises the issue of self-defense, the burden of proof shifts to the State to prove beyond a reasonable doubt that the defendant did not act in self-defense. State v. Lynch, 436 So.2d 567 (La.1983); State v. Garcia, 483 So.2d 953 (La.1986). On review, the appellate court must consider the evidence presented at trial in the light most favorable to the prosecution to determine if any rational trier of fact could have found the defendant guilty beyond any reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Garcia, 483 So.2d 953 (La.1986).
Homicide is justified if in self-defense in the circumstances set out in La.R.S. 14:20 one of which is:
(2) When committed, for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm, by one who reasonably believes that such an offense is about to be com *31 mitted and that such action is necessary for its prevention.
In this case, to support the self-defense argument, the defendant testified that he had lived with the homosexual victim briefly when the killing occurred. He had come to New Orleans looking for work. The victim took him in, offering to allow the defendant to live at his apartment while the defendant performed some work for him. On the day of the killing, the defendant alleges that he was coming out of the bathroom wrapped in a towel when the victim approached him nude, threw him to the floor and attempted to rape him. The defendant contends that he reached for what he thought was a crowbar and hit the victim with it four or five times. The defendant then allegedly became frightened and fled in the victim’s car, which he abandoned in Nebraska.
Other facts presented at trial cast doubt upon the defendant’s story. The pathologist testified that the victim had been stuck very forcefully at least twelve times (as opposed to four or five times) by a blunt object and sustained multiple injuries of the head, neck, chest and abdomen which caused internal damage. The blows had fractured the victim’s skull, facial bones, larynx, and ribs, damaged his heart and tore his liver. The victim also had bruises on the back of his left hand, wrist and under his right forearm. The pathologist testified that these appeared to be defensive blows sustained when the victim tried to ward off the blows of his attacker.
Additionally, the defendant admitted that he had had prior homosexual relationships. The victim’s neighbors testified that they had never heard the defendant and victim argue with one another. The defendant did not allege that the victim was armed.
Given the facts adduced by the State, the State proved beyond a reasonable doubt that the defendant did not act in self-defense.
A similar conclusion was reached by the Louisiana Supreme Court in Garcia, supra. In Garcia, the homosexual victim picked up the defendant, also a homosexual, in a bar in the French Quarter. The next day the victim was found stabbed to death. One week later the defendant, who had taken the victim’s car to Nebraska, turned himself in to the authorities there. He made a statement that he had left the bar with the victim and had gone home with him. The victim performed oral sex on the defendant and gave him two sleeping pills. When the defendant awoke, the victim was, according to the defendant, sitting on top of him pressing a knife against his throat. The defendant was nude; the victim fully clothed. A struggle ensued during which the defendant stabbed the victim with the knife and killed him.
The trial court found the defendant guilty. This Court reversed in State v. Garcia, 470 So.2d 145 (La.App. 4th Cir.1985), finding that the State had failed to prove beyond a reasonable doubt that the defendant had not acted in self-defense. The Louisiana Supreme Court reversed this Court’s decision, finding that the State had met its burden of proof. State v. Garcia, 483 So.2d 953 (La.1986). The Court noted various facts which cast doubt upon the defendant’s self-defense argument. The victim was sixty-five years old and handicapped. The defendant was thirty-five years old and a manual laborer. The defendant was an itinerant with no home in New Orleans. Although the defendant contended that there had been a violent struggle, there was no evidence that the defendant was injured.
As in Garcia, the facts in this case are sufficient to show that the defendant was not acting in self-defense. Thus, this assignment of error is without merit.
The defendant also contends that the trial court erred in not rendering a manslaughter verdict. Manslaughter is a homicide which would be either first or second degree murder, except that the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. La. R.S. 14:31(1). “Heat of blood” and “sudden passion” are mitigating factors which, if proved, entitle the defendant to a *32 manslaughter verdict. State v. Lombard, 486 So.2d 106 (La.1986).
For the same reasons stated above regarding the questionable credibility of the defendant’s story, we conclude that the trial court’s failure to return a manslaughter verdict was not error.
Accordingly, the conviction and sentence of defendant Russell C. Waxier are hereby affirmed.
AFFIRMED.